NEW YORK COUNTY.—HON. D. G. ROLLINS, SURRO-
GATE.—August, 1886.

## MATTER OF McCOSKRY.

*In the matter of the estate of* CATHARINE M. MC-
COSKRY, *deceased.*

A party to a probate proceeding, who seeks to obtain the testimony, be-
fore trial, of an aged, sick or infirm witness, residing and being in the
county where the same is pending, must proceed under Code Civ. Pro.,
§ 2539, and cannot insist upon taking a deposition before a referee, as
provided in id., §§ 870-886.

APPLICATION for examination, *de bene esse,* of wit-
ness, in proceedings for probate of will.

MANLEY A. RAYMOND, *for proponent.*

JACKSON & INGRAHAM, *for contestant.*

THE SURROGATE.—There is pending in this court a
controversy over the probate of a paper that has been
propounded as the last will and testament of Cathar-
ine M. McCoskry, deceased. The case has not yet
been reached upon the calendar. An application was
lately made on behalf of the contestant for the exam-
ination, *de bene esse,* of one Angeline E. Skidmore, a
resident of this city, upon the ground that she was so
sick and infirm as to afford reasonable ground for the
apprehension and belief that she would not be able to
attend the trial of the issues of the proceeding for pro-
bate. It was claimed by counsel for the proponents
of the alleged will that the provisions of the Code of

Civil Procedure, authorizing the taking of depositions of sick and infirm witnesses, had no application to probate controversies in Surrogates' courts.

Section 2538 of that Code declares that §§ 870 to 886 inclusive shall apply to Surrogates' courts, except where a contrary intent is expressed in, or plainly implied from, the context of the provisions of the 18th chapter. The sections in question relate to the taking of depositions within the State, for use within the State.

Section 872 provides that one who desires to take, for use in a pending action, the deposition of a person not a party to such action, may present to the Judge of the court in which such action is pending an affidavit setting forth the reasons why the deposition is desired. If it is made to appear that the person sought to be examined is so sick or infirm as to afford reasonable grounds to believe that he will not be able to attend the trial, an order may be made for his examination.

Now, is the inapplicability of §§ 870–886 to a case like the one at bar "expressed in or plainly implied from" § 2539? That section declares that upon the application of a party to a special proceeding, and upon proof by affidavit, to the satisfaction of the Surrogate, that the testimony of a witness in his county, who is so aged, sick and infirm as to be unable to attend before him to be examined, is material and necessary to the applicant, the Surrogate *must*, where the special proceeding was instituted to procure the probate or revocation of probate of a will, and in any other case, may, in his discretion,

proceed to the place where the witness is, and there, as in open court, take his examination. I think that the question I have asked must be answered in the affirmative.

One who seeks to obtain in a probate proceeding the testimony of an aged, sick, or infirm witness residing and being in this county, must adopt the procedure provided by § 2539 (*supra*), and cannot insist upon taking the deposition of such person before a referee.

It appears, by the affidavit submitted since the motion was made, that the person whose examination the moving party seeks, has left this city and is in the county of Saratoga. I am asked to appoint a referee for taking her testimony in that county. This application must be denied. Within the limitations of § 2540, it cannot properly be granted unless the Surrogate "has good reason to believe that the witness cannot attend before him within a reasonable time." Now, the ability of Mrs. Skidmore to go to Saratoga pending this application encourages me to believe that she may be able to return from Saratoga by the time this cause shall be called for trial.

The motion for her examination must, therefore, be denied.